**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHANIE ZDROWSKI, Guardian Ad Litem
of C.R., a minor,

       Plaintiff,

v.                                 Case No. 2:13-cv-12995
                                        Hon. Robert H. Cleland

STACEY RIECK, NICOLE ADAMSON,
MICHAEL E. SHARROW AND ALGONAC
COMMUNITY SCHOOL DISTRICT
a/k/a ALGONAC COMMUNITY SCHOOLS,
a statutory Michigan Public School District,

       Defendants.
_____/

## FIRST AMENDED COMPLAINT

       NOW COMES Plaintiff, STEPHANIE ZDROWSKI, as Guardian ad Litem of her son,
C.R., a minor, and for her First Amended Complaint states as follows:

       1.      Plaintiff, Stephanie Zdrowski, is the duly court appointed Guardian Ad Litem of
C.R., a minor.

       2.      Stephanie Zdrowski and C.R., are residents of the City of Algonac within the
Eastern District of Michigan.

       3.      Defendant, Stacey Rieck, (hereinafter referred to as "Rieck") is a resident of St.
Clair County within the Eastern District of Michigan.

       4.      Defendant, Nicole Adamson, (hereinafter referred to as "Adamson") is a resident
of St. Clair County within the Eastern District of Michigan.

       5.      Defendant, Michael E. Sharrow, (hereinafter referred to as "Sharrow") is a
resident of St. Clair County within the Eastern District of Michigan.

6.     Defendant, Algonac Community School District (hereinafter referred to as "Algonac") is a Michigan Public School District organized and operated pursuant to the Michigan School Code, MCLA §380.1 et. seq., with its central offices located in Algonac, which is in the Eastern District of Michigan.

7.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

8.     Venue properly lies in this district pursuant to 28 U.S.C. §1391(b).

9.     At all times material hereto, Defendants Rieck and Adamson were employees of Algonac and were acting in the course of their employment as teachers.

10.    At all times material hereto, Defendant Sharrow was an employee of Algonac and was acting in the course of his employment as the Superintendent of Algonac Community Schools.

11.    In June, 2012 C.R. was an eight (8) year old special needs student suffering from autism spectrum disorder.

12.    At all times material hereto, C.R. was a second grade student at Millside Elementary in the Algonac School District.

13.    C.R. was diagnosed with autism spectrum disorder in December, 2011.

14.    When C.R. was in kindergarten and first grade attending Algonac schools, Ms. Zdrowski requested that the School District test C.R. for autism.

15.    Defendant Sharrow refused to have the School District test C.R. to see if he was suffering from autism.

16.    When C.R. was in kindergarten and first grade attending Algonac schools, Ms. Zdrowski requested that the school convene an IEP meeting so C.R. could receive the assistance that he needed.

17.     Defendant Sharrow refused to conduct an IEP meeting for C.R. until March 8, 2012.

18.     Defendants' solution to C.R.'s special needs problems while in kindergarten was to have him sit alone in the corner by himself while the rest of the students were being taught together by the teacher.

19.     When C.R. was diagnosed with autism his mother, Stephanie Zdrowski, asked the School District to provide him with a one-on-one aide to assist him at school.

20.     The School District refused to provide C.R. with a one-on-one aide and instead placed an aide in the classroom to assist with all the children in C.R.'s class.

21.     In March, 2012 C.R. was accused of improperly touching a little girl in his class and was suspended from school for a period of three days.

22.     Following the suspension, Defendant Sharrow attempted to transfer C.R. to another school.

23.     Defendant Sharrow went to the police following the suspension to see if there was some way that he could get C.R. removed from Millside Elementary.

24.     Upon further investigation the Defendants determined that C.R. had not been involved in improperly touching the little girl and that the Defendants had suspended C.R. from school for three days for something that he did not do.

25.     The Defendants apologized to C.R.'s mother for the suspension, but the damage to C.R. had already been done.

26.     In May, 2012 Algonac removed the aide from C.R.'s classroom and as a result C.R.'s life began unraveling.

27.     Following the removal of the aide, Ms. Zdrowski took C.R. to Children's Hospital where he was diagnosed with an adjustment disorder due to the removal of the aide from his classroom.

28.     During June, 2012 the Defendants told C.R. that he could not go on a school picnic unless his mother came along with him.

29.     C.R. was constantly being bullied while attending school at Millside Elementary.

30.     C.R. went to the principal's office and identified the students that were bullying him.

31.     The Defendants indicated they could not do anything about the bullying because they did not witness it taking place.

32.     On June 12, 2012 C.R. became agitated during class as a result of his disability.

33.     At one point C.R. squeezed into a space at the bottom of the area for hanging coats ("a cubby") and would not come out.

34.     Since there was no aide present that had a relationship with C.R., he refused to come out of the cubby.

35.      At that point, Defendants Rieck and Adamson physically grabbed C.R. and dragged him out from the cubby.

36.     Defendants, Rieck and Adamson then physically dragged C.R. all the way down to the principal's office.

37.     As a result of his disability, C.R. was very agitated while being dragged against his will.

38.     C.R. suffered a number of bruises and injuries during the dragging incident.

4

39.     If C.R. had been provided with a one-on-one aide, the aide could have calmed C.R. down and the dragging incident would never have happened.

40.     As a result of the dragging incident, C.R. suffered physical injury as well as severe emotional distress, including post-traumatic stress disorder.

41.     As a result of the Defendants' actions, C.R. was hospitalized on a number of occasions at Harbor Oaks Mental Hospital and other hospitals.

42.     The Defendants never should have dragged C.R. out from under the cubby nor should they have dragged him all the way down to the main office.

43.     Defendants' psychological report issued February, 2012 indicated that C.R. needed an aide present to assist him while attending school as a result of his disability, yet the School District refused to provide him with a one-on-one aide and removed the classroom aide from his classroom, which led to the dragging incident.

44.     C.R. was hospitalized following the dragging incident and was given four new drugs to assist him with coping with his post-traumatic stress disorder which were Prozac, Risperdal, Quanapin and Seroqel.

### COUNT I.

**42 U.S.C. §12182(a) and 29 U.S.C. §794(a): VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT OF 1973 UNDER COLOR OF STATE LAW (504 ACTION)**

45.     Plaintiff incorporates all of the allegations contained in this Complaint into Count I.

46.     C.R. is an individual who has a specific and defined disability in that he suffers from autism spectrum disorder.

47.     Pursuant to 29 U.S.C. §705, C.R. is a disabled individual in that: (1) he has a physical or mental impairment which substantially limits one or more of his major life activities, (2) has a record of such impairment and (3) is regarded as having such an impairment under 29 U.S.C. §705(20)(B).

48.     Pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §794(a), Defendants are prohibited from discriminating against C.R. on account of C.R.'s specific and defined disability because the School District receives federal funds to operate its educational programs.

49.     As set forth above, Rieck, Adamson, Sharrow and other employees of Algonac have engaged in a number of acts of abuse of C.R. on the basis of his disability.

50.     Under federal law, Algonac is vicariously liable for the actions of its employees.

51.     Defendants have created a hostile learning environment for C.R..

52.     Algonac has engaged in acts of bad faith and gross misjudgment in this matter and has acted with deliberate indifference to C.R.'s rights as a result of the following actions:

a.      Algonac refused to provide C.R. with a one-on-one aide and removed the classroom aide from C.R.'s class.

b.      The Defendants improperly dragged C.R. out from the cubby in his classroom and further, improperly dragged him down the hall all the way to the main office.

c.      The Defendants refused to give C.R. an IEP when requested by his mother.

d.      The Defendants refused on a number of occasions to test C.R. to see if he was suffering from autism.

e.      The Defendants improperly suspended C.R. for touching a little girl and it was later determined that he was not guilty of the infraction.

f.      The superintendent of the School District tried to remove C.R. from Millside Elementary.

g.      The Defendants allowed C.R. to be bullied by other students.

h.      The Defendants indicated to C.R. that if he did not have his mother attend a school picnic, then he could not attend.

i.      Algonac failed to properly train and supervise its employees.

j.      Algonac failed to take remedial action against Defendants Rieck and Adamson for their role in the dragging incident.

53.     Algonac has been deliberately indifferent to C.R.'s right to be free from unlawful discrimination against him on the basis of his special needs status.

54.     Algonac intentionally discriminated against C.R. on account of his specific disability and denied him federally funded benefits causing him specific physical, emotional and mental damages.

55.     At all times herein, Defendants were acting under the color of state law.

56.     C.R. has been damaged by the discrimination meted out against him on account of his disability.

57.     Algonac acted with deliberate indifference to C.R.'s rights under 42 U.S.C. §12182(a) and 29 U.S.C. §794(a).

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Algonac in whatever amount he may be found to be entitled, along with costs, interest, punitive damages and attorney fees.

## COUNT II.
## SECTION 1983

58.     Plaintiff incorporates all of the allegations contained in this Complaint into Count II.

59.     Defendants were at all times material hereto acting under color of state law.

60.     The Defendants violated C.R.'s civil rights by failing to provide him with a one-on-one aide; dragging him down the length of a hallway against his will and by taking other actions as set forth in detail in this Complaint.

61.     The Defendants violated C.R.'s civil rights by failing to test him for autism and by failing to convene an IEP meeting when requested by his mother.

62.     Defendants violated C.R.'s civil rights by placing him alone in a corner while the rest of the class was being taught by the teacher.

63.     By taking the actions described herein, the Defendants intentionally deprived C.R. of his constitutionally protected substantive due process rights.

64.     The Defendants' actions were intentional and were taken for the purpose of causing emotional or psychological trauma to C.R. in violation of and in deliberate indifference of C.R.'s substantive due process interests.

65.     As a direct proximate and foreseeable result of Defendants' actions, C.R. has been damaged as set forth in this Complaint.

66.     The Defendants' actions violated 42 U.S.C. §1983.

67.     Algonac exhibited a deliberate indifference to C.R.'s constitutionally protected substantive due process rights.

68.     The Defendants' deliberate indifference is demonstrated by the following conduct.

a.     Algonac refused to provide C.R. with a one-on-one aide and removed the classroom aide from C.R.'s class.

b.     The Defendants improperly dragged C.R. out from the cubby in his classroom and further, improperly dragged him down the hall all the way to the main office.

c.     The Defendants refused to give C.R. an IEP when requested by his mother.

    d.      The Defendants refused on a number of occasions to test C.R. to see if he was suffering from autism.

    e.      The Defendants improperly suspended C.R. for touching a little girl and it was later determined that he was not guilty of the infraction.

    f.      The superintendent of the School District tried to remove C.R. from Millside Elementary.

    g.      The Defendants allowed C.R. to be bullied by other students.

    h.      The Defendants indicated to C.R. that if he did not have his mother attend a school picnic, then he could not attend.

    i.      Algonac failed to properly train and supervise its employees.

    j.      Algonac failed to take remedial action against Defendants Rieck and Adamson for their role in the dragging incident.

69.      As a result of the Defendants' deliberate indifference to C.R.'s civil rights in violation of §1983, he has suffered damages as set forth in this Complaint.

WHEREFORE,  Plaintiff requests that Honorable Court enter a judgment in favor of the Plaintiff against Defendants jointly and severally, in whatever amount Plaintiff is entitled, together with punitive damages, damages, costs, interest and attorney fees pursuant to 28 U.S.C. §1988.

## COUNT III.
## VIOLATION OF THE PERSONS WITH
## DISABILITIES ACT, MCL §37.1301

70.      Plaintiff incorporates all of the allegations contained in this Complaint into Count III.

71.      C.R. is a person with a disability as defined in the Persons with Disabilities Act, MCLA §37.1301, et. seq.

72.      Under the Persons with Disabilities Act, the Defendants are prohibited from discriminating against C.R. on the basis of his disability.

73.     Defendants, by committing and permitting the abuse of C.R. as described throughout this Complaint, have violated the Persons with Disabilities Act.

74.     Defendants have intentionally discriminated against C.R. on the basis of his disability.

75.     Due to the Defendants' reckless disregard and callous indifference to C.R.'s rights, he is entitled to exemplary damages in this matter.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendants in whatever amount he may be found to be entitled, along with costs, interest, exemplary damages and attorney fees.

## COUNT IV.
## ASSAULT AND BATTERY

76.     Plaintiff incorporates all of the allegations contained in this Complaint into Count IV.

77.     Defendants Rieck and Adamson improperly dragged C.R. out from a cubby and then dragged him improperly against his will all the way to the main office.

78.     By dragging C.R. against his will, the Defendants committed an assault and battery against C.R..

79.     In addition, Defendants Rieck and Adamson failed to use proper techniques for handling a special needs student suffering from autism.

80.     Rieck and Adamson took the above described actions while in the course of their employment as teachers for Algonac.

81.     Since Rieck and Adamson were in the course of their employment, Algonac is vicariously liable for their actions.

82.     As a proximate cause of the Defendants' assault and battery of C.R., he has suffered injuries, including physical injury and emotional distress and post-traumatic stress disorder as well as a number of hospitalizations.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in favor of the Plaintiff against Defendants, jointly and severally, in whatever amount Plaintiff is found to be entitled, along with costs, interest, exemplary damages and attorney fees.

**COUNT V.**
**NEGLIGENCE – STACEY RIECK, NICOLE ADAMSON**
**AND MICHAEL E. SHARROW**

83.     Plaintiff incorporates all of the allegations contained in this Complaint into Count V.

84.     Rieck, Adamson and Sharrow owed a duty as prescribed by Federal and Michigan law to see that C.R. was safe and was handled properly while attending school while being mindful of his special needs and handicaps.

85.     Rieck and Adamson breached their duty to C.R. as follows:

a.      They improperly dragged C.R. out from a cubby and then dragged him all the way down to the main office against his will.

b.      They used improper techniques while dragging C.R. out from the cubby and down to the main office.

c.      They failed to see that C.R. was provided with a one-on-one aide.

d.      They improperly accused C.R. of improperly touching a little girl and suspended him, when in fact he was innocent of the charge.

e.      They allowed C.R. to be bullied.

f.      They told C.R. he could not go to the class picnic unless his mother accompanied him.

g.      They failed to get C.R. promptly tested for autism.

h.      They failed to give C.R. a requested IEP on a timely basis.

86.     Sharrow breached his duty to C.R. by denying Ms. Zdrowski's request to test C.R. and to convene an IEP meeting while C.R. was in kindergarten and first grade at the Defendants' schools.

87.     As a proximate cause of the negligence of Rieck, Adamson and Sharrow, C.R. has suffered pain and suffering and severe emotional distress, including post-traumatic stress disorder and has been hospitalized on a number of occasions.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendants, Rieck, Adamson and Sharrow in whatever amount Plaintiff is found to be entitled, along with costs, interest and attorney fees.

## COUNT VI.
## NEGLIGENCE-ALGONAC COMMUNITY SCHOOL DISTRICT

88.     Plaintiff incorporates all of the allegations contained in this Complaint into Count VI.

89.     Algonac owed a duty as prescribed by Federal and Michigan law to allow C.R. to attend school in a safe manner while being mindful of his special needs and handicaps.

90.     Algonac breached its duty to C.R. as follows:

a.      Algonac failed to train and supervise its employees as to how to handle special needs students and when physical force is appropriate.

b.      Algonac failed to provide C.R. with a one-on-one aide.

c.      Algonac failed to test C.R. for autism when the request was made by C.R.'s mother.

d.      Algonac failed to give C.R. a prompt IEP.

e.      Algonac, through its superintendent, attempted to have C.R. removed from the School District.

f.      Algonac allowed C.R. to be bullied by other students in the School District.

91.     As a proximate cause of the negligence of Algonac, C.R. has suffered physical injury, emotional distress, including post-traumatic stress disorder and a number of hospitalizations.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendant, Algonac Community School District, in whatever amount Plaintiff is found to be entitled, along with costs, interest and attorney fees.

## COUNT VII.
## FALSE IMPRISONMENT

92.     Plaintiff incorporates all of the allegations contained in this Complaint into Count VII.

93.     C.R. was unlawfully restrained and confined against his will when he was dragged out from the cubby and down to the principal's office by Defendants, Rieck and Adamson.

94.     The Defendants restrained and confined C.R. against his will which constituted an unlawful interference with his right to be free from false imprisonment.

95.     The actions taken by Defendants Rieck and Adamson were taken during the course of their employment.

96.     Algonac is vicariously liable for the false imprisonment of C.R..

97.     As a result of the Defendants' false imprisonment of C.R., he suffered physical injury and severe emotional distress, including post-traumatic stress disorder and a number of hospitalizations.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment against Defendants jointly and severally, in whatever amount Plaintiff is found to be entitled, along with costs, interest, exemplary damages and attorney fees.

Respectfully submitted.

Hafeli Staran & Christ, P.C.

/s/Mark W. Hafeli
2055 Orchard Lake Road
Sylvan Lake, MI 48320
(248) 731-3083
mhafeli@hsc-law.com
(P28908)

Dated:  July 12, 2013

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEPHANIE ZDROWSKI, Guardian Ad Litem
of C.R., a minor,

       Plaintiff,

v.                               Case No.
                                   Hon.

STACEY RIECK, NICOLE ADAMSON
AND ALGONAC COMMUNITY SCHOOL
DISTRICT a/k/a ALGONAC COMMUNITY
SCHOOLS, a statutory Michigan Public School
District,

       Defendants.
_____/

## DEMAND FOR JURY TRIAL

       NOW COMES Plaintiff, Stephanie Zdrowski, Guardian Ad Litem of C.R., a minor, by and through her attorney, Mark W. Hafeli, and hereby demands a trial by jury of the above cause of action.

                                   Respectfully submitted.

                                   Hafeli Staran & Christ, P.C.

                                   /s/Mark W. Hafeli
                                   2055 Orchard Lake Road
                                   Sylvan Lake, MI 48320
                                   (248) 731-3083
                                   mhafeli@hsc-law.com
Dated:  July 12, 2013            (P28908)